**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MIGUEL ANGEL GARCIA,

          Plaintiff,

vs.                                                        Case No. 3:11-cv-186-J-JRK

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

          Defendant.
_____/

**OPINION AND ORDER**[1]

**I. Status**

Miguel Angel Garcia ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of depression and chronic pain in his right shoulder, right knee, and back. See Transcript of Administrative Proceedings (Doc. No. 14; "Tr."), filed June 30, 2011, at 90, 91, 238-40. On October 17, 2007, Plaintiff filed applications for DIB and SSI, alleging an onset date of August 15, 2007. Tr. at 161-64, 167-69. Plaintiff's applications were denied initially, see Tr. at 92-93, 95-96, and were denied upon reconsideration, see Tr. at 101-02, 103-04.

On September 22, 2009, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 33-83. The ALJ issued a Decision on October 21, 2009, finding Plaintiff not disabled through the date of the Decision. Tr. at 19-

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 15), filed July 1, 2011; Order of Reference (Doc. No. 17), entered July 5, 2011.

30. On January 31, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On February 28, 2011, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal. See Memorandum in Support of Complaint (Doc. No. 19; "Pl.'s Mem."), filed August 18, 2011. The first issue relates to Plaintiff's alleged limitations in reaching with his right arm, and whether the ALJ erred by not considering that limitation "severe." See Pl.'s Mem. at 7-8. As to the second issue, Plaintiff claims the VE's testimony is inconsistent with the Dictionary of Occupational Titles ("DOT"), and it was improper for the ALJ to rely on that testimony. See id. at 9-12. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 21-30.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since August 15, 2007, the alleged onset date."  Tr. at 21 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff suffers from "the following severe impairment: degenerative disc disease of the lower back."  Tr. at 21 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 23 (emphasis and citation omitted).

The ALJ determined Plaintiff "has the residual functional capacity [("RFC")] to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b)."  Tr. at 23 (emphasis omitted).  The ALJ also recognized that Plaintiff is limited as follows:

> [Plaintiff is] also limited in his right upper extremities.  [Plaintiff] cannot reach with his right arm from his waist to his chest or reach with his right arm above his shoulder. [Plaintiff] cannot climb ladders, ropes, or scaffolds. [Plaintiff] may occasionally climb ramps and stairs. [Plaintiff] may occasionally balance, stoop, kneel, crouch, and crawl.

Tr. at 23-24 (emphasis omitted).  At step four, the ALJ found Plaintiff "is unable to perform any past relevant work."  Tr. at 28 (emphasis and citation omitted).  Finally, at step five, after "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ determined "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can

perform," including "ticket seller," "simple machine feeder," and "marking clerk." Tr. at 28, 29 (citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from August 15, 2007, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **IV. Discussion**

As noted above, Plaintiff raises two issues on appeal. Each is discussed in turn.

### **A. Right Upper Extremity Impairment**

The first issue deals with Plaintiff's alleged limitation in reaching with his right arm, "specifically his ability to reach from the waist to his chest or reach with his right arm above his shoulder." Pl.'s Mem. at 7. Plaintiff asserts that although the ALJ included Plaintiff's limitation in reaching with his right arm in the hypothetical questions posed to the VE, it was reversible error for the ALJ not to categorize that limitation as "severe" at step two in the ALJ's Decision. Id. at 7-8. Plaintiff contends that "it is unclear whether or not the [ALJ] simply failed to mention this severe right extremity impairment in the body of the [D]ecision or failed to appreciate its impact." Id. at 8.

Contrary to Plaintiff's contentions, the ALJ clearly considered Plaintiff's alleged inability to reach with his right upper extremity. The ALJ explicitly included in the RFC that Plaintiff "is also limited in his right upper extremities. [Plaintiff] cannot reach with his right arm from his waist to his chest or reach with his right arm above his shoulder." Tr. at 23. In the ALJ's discussion of the medical evidence, he addressed Plaintiff's "alleged right shoulder problems" and the surgical procedure Plaintiff underwent on his right shoulder. Tr. at 27. The ALJ also noted Plaintiff's reaching impairment when discussing some of the medical opinion evidence in the record. Tr. at 27. After reviewing the ALJ's Decision, it is clear the ALJ considered Plaintiff's upper right extremity limitation because the limitation was included in the RFC and discussed throughout the Decision.

Even assuming the ALJ erred in not classifying the limitation as "severe," any such error would be considered harmless. In some instances, an ALJ's failure to identify a particular impairment as severe at step two may be harmless error. See Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 903 (11th Cir. 2011) (unpublished) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir.1983)) (recognizing that an ALJ's error by not finding some of the plaintiff's impairments severe "was harmless because the ALJ considered all of his impairments in combination at later steps in the evaluation process"); Martinez v. Astrue, 289 F. App'x 296, 299 (10th Cir. 2008) (unpublished) (explaining that the ALJ's failure to make specific findings at step-two of the sequential evaluation process was "harmless error" because the ALJ discussed the impairments at other steps of the sequential evaluation process); Gatewood v. Comm'r of Soc. Sec., No. 6:09-cv-122-Orl-31KRS, 2010 WL 455318, at *11 (M.D. Fla. Feb. 3, 2010) (unpublished) (stating that "failure to find an impairment severe at step two can be harmless error if the ALJ considers the functional limitations of the impairment at later steps of the evaluation") (citing Maziarz v. Sec. of Health & Human Serv., 837 F.2d 240, 244 (6th Cir. 1987)). Here, even if the ALJ erred by failing to classifying Plaintiff's right upper extremity limitation as "severe," the ALJ remedied any such error by including the impairment in the RFC and discussing the impairment throughout the Decision.

### B. Testimony of the VE

Plaintiff's second argument raises concerns with the VE's testimony. See Pl.'s Mem. at 9-12. Plaintiff asserts that the VE's testimony is inconsistent with the ALJ's RFC, which limited Plaintiff to light work. See id. First, Plaintiff points out that the simple machine feeder position identified by the VE as a position Plaintiff can perform is a medium duty job. Id. at

9.  Second, Plaintiff argues that "the jobs that were listed by the [VE] that [P]laintiff could perform all required the ability to reach at least on a frequent basis." Id. On the other hand, the Commissioner argues that the ALJ fulfilled his obligations by specifically asking the VE if her testimony was consistent with the DOT, and because the VE affirmed that her testimony was consistent, the ALJ was not required to inquire further. See Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem."), filed October 24, 2011, at 8-10. The Commissioner also points out that "Plaintiff cites no evidence, record or legal authority to support his position and instead relies on nothing more than his own speculation." Def.'s Mem. at 11.

During the examination of the VE at the hearing, the ALJ initially asked the VE to advise the ALJ if the VE gave "an opinion that conflicts with the information in the [DOT]." Tr. at 67. The ALJ then posed a series of hypotheticals to the VE. See Tr. at 69-74. The exchange that Plaintiff takes issue with occurred as follows:

> [ALJ]: Assume a hypothetical individual with the same age, education and past relevant work experience as [Plaintiff] . . . and assume further that said hypothetical individual is only capable of working with the following functional limitations, that is performing light work with the limited use of the right upper extremities which I'll describe, he can occasionally climb ropes, or climb ramps or stairs but [can] never climb ladders, ropes or scaffolds, can occasionally balance, stoop, kneel, crouch or crawl and cannot reach with his right arm from his waist to his chest or reach with his right arm above his shoulder.
>
> [VE]: Well within those parameters there would be light exertion work and jobs such as ticket seller and taker jobs. . . . There would be some simple machine feeder type jobs. I'm going to reduce the numbers on that because of the limited use of the right upper extremity. . . . That DOT number is 521.686-034 but I am going to give a 75 percent reduction on those numbers. . . . There would also be some marking clerk jobs that the DOT states is light exertion, the SVP is two. This would be in a warehouse kind of situation where you simply put the stickers on or the bar codes on. That's

> 209.587-034. At only the light exertion level, the national numbers on that would be 150,000 and in the state around 15,000.

Tr. at 70-71. After concluding his questioning of the VE, the ALJ asked the VE if her testimony was consistent with the DOT. Tr. at 74. The VE answered, "It is, your honor." Tr. at 74.

If an ALJ chooses to rely on a VE's testimony, the ALJ is required "to ask the VE whether there is a conflict [between the VE's testimony and the DOT,] and if the VE identifies a conflict the ALJ is required then–and only then–to address the conflict." Garskof v. Astrue, No. 5:07-cv-288-Oc-GRJ, 2008 WL 4405050, at *6 (M.D. Fla. Sept. 26, 2008) (unpublished); see SSR 00-4p, 2000 WL 1898704, at *2 (noting that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE"). If no conflict is identified, "the ALJ does not violate SSR 00-4p by relying upon the opinion of the VE–so long as the ALJ asked the VE to identify any conflicts–and the ALJ is not required independently to identify whether there is any inconsistency." Garskof, 2008 WL 4405050, at *6. Even if a conflict is identified, a "VE's testimony 'trumps' the DOT." Jones v. Comm'r of Soc. Sec., 423 F. App'x 936, 938 (11th Cir. 2011) (unpublished) (citing Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999)); see also Hurtado v. Comm'r of Soc. Sec., 425 F. App'x 793, 795-96 (11th Cir. 2011) (unpublished) (noting that a "VE is an expert on the kinds of jobs a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job").

As noted above, before posing any questions to the VE, the ALJ specifically asked the VE to advise the ALJ if the VE "g[a]ve an opinion that conflicts with the information in the

-8-

[DOT]." Tr. at 67. Then, at the conclusion of the VE's testimony, the ALJ again asked the VE if her testimony was consistent with the DOT, and the VE answered in the affirmative. Tr. at 74. Plaintiff's representative at the hearing did not object to the VE serving as an expert, Tr. at 67, and did not question the VE about any alleged inconsistency, see Tr. at 75-77. In his Decision, the ALJ noted, pursuant to SSR 00-4p, that "the [VE's] testimony is consistent with the information contained in the [DOT]." Tr. at 29.

At the hearing, after considering the ALJ's hypothetical, the VE opined that Plaintiff could perform the three job positions identified. The ALJ's hypothetical took into account Plaintiff's impairments, including Plaintiff's limitation in reaching with his right upper extremity. There is no evidence to refute the VE's testimony that Plaintiff can perform the jobs identified.[3] The ALJ's reliance on the VE's testimony was in accordance with proper legal standards, and the VE's testimony relating to jobs existing in the national economy that Plaintiff can perform is substantial evidence supporting the ALJ's Decision. See Jones, 423 F. App'x at 939.

## V. Conclusion

After a thorough review of the record, the undersigned is convinced that the Commissioner's final decision is supported by substantial evidence. After due consideration, it is

---

[3] The VE's testimony "trumps" the DOT. Jones, 423 F. App'x at 938. However, even assuming it was error for the VE to identify a job position classified as medium work, the VE identified two other jobs, both of which are classified as light work, that Plaintiff can perform despite his impairments.

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on July 3, 2012.

_____
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:
Counsel of Record